**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MITCH SHAHEEN,

       Plaintiff,

v.

ECOLOGY COATINGS, INC.,

       Defendant.
_____/

Case No. 10-14285

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT UNDER FED. R. CIV. P. 60(a) FOR CLERICAL OVERSIGHT [23]**

Before the Court is Plaintiff's Motion to Amend Judgment Under Fed. R. Civ. P. 60(a) for Clerical Oversight [23], filed on June 8, 2012. Plaintiff seeks to amend this Court's Order Granting Plaintiff's Motion for Summary Judgment [22], entered on December 30, 2011.

In this Order [22], the Court entered a judgment in the amount of $604,330.00 in favor of Plaintiff. This amount included principal in the amount of $250,000.00 based upon the Promissory Notes executed on June 18, 2008 and July 10, 2008 by Defendant, interest in the amount of $333,000.00 based upon 25% per annum on unpaid principal balance pursuant to Paragraph 1 of these Promissory Notes, and attorney fees and costs in the amount of $21,330.00 pursuant to Paragraph 23 of these Promissory Notes. In addition to the principal, pre-judgment interest, and attorney fees, Plaintiff requests that this Court amend its Order [22] to include a 25% per annum post-judgment interest rate.

In relevant part, Federal Rule of Civil Procedure Rule 60(a) states: "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Fed. R. Civ. P 60(a). Plaintiff asserts that the Court mistakenly omitted the post-

judgment interest rate agreed upon by the parties. Plaintiff's argument is based upon portions of the Promissory Notes entitled "Article III DEFAULT," reading: "[t]his note shall bear interest at the rate of twenty-five (25%) percent per annum upon the occurrence of an Event of Default ('Default Interest')." Plaintiff then points to a previous paragraph in the Notes that lists failure to pay the principal or interest as an "Event of Default." This language mirrors introductory language within the Notes that states, "[t]he Note shall bear interest ('Interest') equal to twenty-five (25%) percent per annum on the unpaid principal balance."

Plaintiff essentially argues that the contractual language as to defaults supersedes 28 U.S.C. § 1961(a), which establishes a statutory post-judgment interest rate and "remov[es] the award of such interest from the discretion of the District Court." *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002).[1] While many federal Circuit Courts have held that parties may contractually agree to a post-judgment interest rate other than that specified in 28 § 1961(a), this question has not yet been addressed by the Sixth Circuit Court. *See Jack Henry & Assocs. v. BSC, Inc.*, 753 F. Supp. 2d 665, 677-70 (E.D. Ky. 2010).

However, even assuming that the parties may contract around the statutory post-judgment interest rate, "a default rate of interest, without more, does not amount to a post-judgment rate of interest."*Comerica Bank v. Stewart*, 2009 U.S. Dist. LEXIS 114237, 11 (E.D. Mich. Dec. 8, 2009). In addition, Circuits affirmatively permitting parties to contract around the statutory post-judgment interest rate also mandate that the "'language expressing an intent that a particular interest rate apply

---

[1]The Sixth Circuit has held that federal law governs post-judgment interest rates while state law governs pre-judgment interest rates. *Estate of Riddle ex rel. v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005)(*citing F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542-43 (6th Cir. 2000)).

to judgments or judgment debts' to be 'clear, unambiguous and unequivocal.'" *Jack Henry*, 753 F. Supp. 2d at 670 (E.D. Ky. 2010)(*quoting FCS Advisors, Inc. v. Fair Finance Co.*, 605 F.3d 144, 148 (2d Cir. 2010)). The language from the Promissory Notes that Plaintiff relies upon does not present the clear intent of the parties to supersede the statutory post-judgment interest rate. Moreover, without unambiguous language, the question as to the post-judgment interest rate does not present a mere clerical mistake or omission, as allowed by Rule 60(a). Instead, Plaintiff presents a substantive matter of contractual relief. *See BP Prods. N. Am., Inc. v. Youssef*, 296 F. Supp. 2d 1351, 1355 (M.D. Fla. 2004).

Therefore,

**IS HEREBY ORDERED** that Plaintiff's Motion to Amend Judgment Under Fed. R. Civ. P. 60(a) for Clerical Oversight [23] is **DENIED**.

**SO ORDERED**.

                    s/Arthur J. Tarnow
                    ARTHUR J. TARNOW
                    SENIOR UNITED STATES DISTRICT JUDGE

Dated: February 26, 2013

---

### CERTIFICATE OF SERVICE

I hereby certify on February 26, 2013 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 26, 2013: **None.**

                    s/Michael E. Lang
                    Deputy Clerk to
                    District Judge Arthur J. Tarnow
                    (313) 234-5182